IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Harrisburg Division

| | | |
|---|---|---|
| SYLVIA D. DAVENPORT, | : | |
| | : | CASE NO. _____ |
| Plaintiff, | : | |
| | : | **NOTICE OF REMOVAL BY** |
| v. | : | **DEFENDANT, CORELOGIC** |
| | : | **CREDCO, LLC** |
| CORELOGIC CREDCO, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(b), Defendant, CoreLogic Credco, LLC ("Credco") hereby removes this action from the Court of Common Pleas of Dauphin County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania, Harrisburg Division. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, Credco removes this action to this Court, and in support of its Notice of Removal states the following:

**GROUNDS FOR REMOVAL**

1. On February 26, 2016, Plaintiff Sylvia D. Davenport filed a Complaint against Credco in the Court of Common Pleas of Dauphin County, Pennsylvania, Case No. 2016-CV-872-CV (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Credco in the State Court Action are attached hereto as **Exhibit A**.

2. The Notice and Complaint in the State Court Action were served upon Credco on March 7, 2016. This Notice of Removal is being filed within one year of the date of commencement of the action for removal purposes. And, because this notice of removal is being filed within 30 days after the receipt by Credco through service of a copy of the Complaint, removal is timely here. *See* 28 U.S.C. § 1446(b)(1).

4. Credco is the only Defendant in the case; thus, all Defendants to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 have joined in or consented to removal of the State Court Action.

5. A civil action is removable if a plaintiff could have originally brought the action in federal court pursuant to the Court's original jurisdiction. *See* 28 U.S.C. § 1441(a).

6. Under 28 U.S.C. § 1331, district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff alleges claims arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Accordingly, this case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the FCRA, a federal statute. Credco denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has suffered damages in any manner whatsoever. Nevertheless, the State Court Action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which is removable by Credco under the provisions of 28 U.S.C. § 1441, in that the matter arises under this Court's original jurisdiction and is founded on a claim or right arising under the Constitution, treaties or laws of the United States and is removable without regard to the citizenship or residence of the parties under 28 U.S.C. § 1441.

8. No proceedings have occurred in the State Court Action as of the date of this Notice of Removal. Credco has not filed a response to the Complaint. Credco hereby reserves

...

any and all rights to asserts any and all defenses and/or objections to the Complaint. Credco further reserves the right to amend or supplement this Notice of Removal.

## VENUE

9. Venue for this case lies in the United States District Court for the Middle District of Pennsylvania, Harrisburg Division, pursuant to 28 U.S.C. § 1441(a), because the State Court Action was filed within this District and Division and the case is being removed from Dauphin County, Pennsylvania.

## NOTICE

10. Pursuant to 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Filing Notice of Removal is being filed contemporaneously with the Clerk of the Court of Common Pleas of Dauphin County, Pennsylvania, a copy of which is attached hereto as **Exhibit B**.

11. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

12. By this Notice of Removal, Credco does not waive any defense, jurisdictional or otherwise, that it may possess.

## RESPONSE TO COMPLAINT

13. On March 25, 2016, before Credco's response to the Complaint was due under Pennsylvania Rules of Civil Procedure, counsel for Plaintiff agreed that Credco could have an extension to April 26, 2016 to respond to the Complaint.

WHEREFORE, in accordance with the authorities set forth above, CoreLogic Credco, LLC hereby removes this action from the Court of Common Pleas of Dauphin County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Dated: April 1, 2016  **HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

By: /s/Sharon F. McKee
    Sharon F. McKee
    Bonnie M. Hoffman
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 496-7060
Email: smckee@hangley.com

*Counsel for Defendant CoreLogic Credco, LLC*

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of April 2016, I electronically filed the foregoing Notice of Removal to the United States District Court for the Middle District of Pennsylvania using the CM/ECF system, and served upon counsel of record below, via U.S. Mail, postage prepaid, addressed as follows:

Vicki Piontek, Esq.
PIONTEK LAW OFFICE
951 Allentown Road
Landsdale, PA 19446
Telephone: (877) 737-8617
Email: palaw@justice.com

*Counsel for Plaintiff*

/s/Sharon F. McKee
Sharon F. McKee